**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17–CR-30200-SMY** |
| | ) | |
| | ) | |
| **KENNY B. MCCLINE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Defendant Kenny B. McCline has filed three related motions seeking to limit applicable predicate offenses used to enhance his sentence pursuant to the Armed Career Criminal Act ("ACCA") (Doc. 80), to recast or expunge a predicate marijuana offense (Doc. 81), and the appointment of the Federal Public Defender to pursue these claims (Doc. 82). McCline seeks the above-referenced relief pursuant to the Supreme Court's recent decision in *Borden v. United States,* _U.S._, 141 S. Ct. 1817 (June 10, 2021), in which the Court held that reckless offenses cannot satisfy the elements clause of the definition of "violent felony" used to enhance a sentence under the ACCA. *Id*. 141 S.Ct. at 1821; 18 U.S.C. § 924(e)(2)(B)(i).

Relief pursuant to *Borden* should be presented as a motion to vacate, correct, or set aside a sentence under 28 U.S.C. § 2255. Such motions/petitions are not filed in the underlying criminal case, but rather opened as a new civil proceeding. Thus, if Defendant wishes to file a § 2255 motion concerning *Borden's* application to his sentencing, he should file a separate § 2255 motion. Accordingly, the **CLERK** is **DIRECTED** to send a § 2255 form motion to Defendant to assist him in that process.[1]

---

[1] Defendant is cautioned that the one-year period prescribed by 28 U.S.C. 2255(f)(3) for filing a §2255 motion runs from the date of the Supreme Court's ruling that initially recognized the right asserted, not from the date the newly-

**IT IS SO ORDERED.**

**DATED: August 3, 2021**

**STACI M. YANDLE**
**United States District Judge**

---

recognized right was found to be retroactive. *Dodd v. United States*, 545 U.S. 353, 357 (2005).  Defendant is further advised that if he has already filed a § 2255 petition as it concerns this case, he cannot file a second or successive § 2255 petition without first obtaining authorization from the United States Court of Appeals for the Seventh Circuit. *See* 28 U.S.C. § 2255(h).  If he has not previously filed a § 2255 petition concerning this case, he should bring all of his arguments for relief in his petition.