IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cr-30020-SMY |
| | ) |
| KENNY B. MCCLINE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Following a guilty plea, Defendant Kenny B. McCline was sentenced on October 31, 2018, to 180 months' imprisonment and 3 years supervised release for being a felon in possession of a firearm (Docs. 52, 56). McCline subsequently moved for compassionate release pursuant to the First Step Act of 2018, asserting that he should be released early due to changes in the law following recent Seventh Circuit decisions (Doc. 91). On February 9, 2022, the undersigned denied McCline's motion, finding that a waiver in his plea agreement barred compassionate release (Doc. 97). Now pending before the Court are McCline's motions for compassionate release and supplement (Docs. 102, 105, 106, and 109).

As noted in the Order denying his initial motion for compassionate release, McCline is barred from seeking compassionate release by the plain terms of his plea agreement: "Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding…" (Doc. 40, at p. 9). The Seventh Circuit has held that a knowing and voluntary waiver of that right in a plea agreement is enforceable and found that identical language precludes a motion for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) (2018), and *see United States v. Bridgewater*, 995 F.3d 591, 602

(7th Cir. 2021). McCline's renewed motion does not challenge the enforceability of his plea agreement or dispute that his plea agreement waiver was knowing and voluntary. Thus, the waiver remains valid and enforceable.[1] Accordingly, Defendant's motions for compassionate release (Doc. 102, 105, 106, and 109) are **DENIED**

    IT IS SO ORDERED.

    DATED: April 9, 2024

                                        **STACI M. YANDLE**
                                        **United States District Judge**

---

[1] Even if McGee could bring a motion for compassionate release, he has not presented any extraordinary and compelling reasons warranting a sentence reduction. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that district court cannot consider change, whether alone or in combination with any other factor, when determining whether defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction).