IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-30200-SMY |
| | ) |
| KENNY B. MCCLINE | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Following a guilty plea, Defendant Kenny B. McCline was sentenced on October 31, 2018, to 180 months' imprisonment and 3 years supervised release for being a felon in possession of a firearm (Docs. 52, 56). McCline subsequently moved for compassionate release pursuant to the First Step Act of 2018, asserting that he should be released early due to changes in the law following recent Seventh Circuit decisions (Docs. 91, 102, 105, 106, and 109). On February 9, 2022 and April 9, 2024, the undersigned denied McCline's motion, finding that a waiver in his plea agreement barred compassionate release (Docs. 97, 110).

Now pending before the Court are McCline's motion for certificate of appealability (Doc. 111), motion for compassionate release (Doc. 113), and motion to appoint counsel (Doc. 114).

### Certificate of Appealability (Doc. 111)

McCline seeks a certificate of appealability to challenge the Court's orders denying his previous motions for compassionate release. "[W]hen a habeas corpus petitioner seeks to initiate an appeal of the dismissal of a habeas corpus petition after April 24, 1996 (the effective date of AEDPA), the right to appeal is governed by the certificate of appealability (COA) requirements now found at 28 U.S.C. § 2253(c)." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because McCline incorrectly filed

a Motion for Certificate of Appealability in his criminal case, the motion is **DENIED**. McCline must file a notice of appeal if he intends to appeal the Court's orders denying his motions for compassionate release.

### Motion for Compassionate Release (Doc. 113)

In his latest motion for compassionate release, McCline argues that his conviction should be vacated because his guilty plea was not knowing and voluntary, citing *Rehaif v. United States*, 139 S.Ct. 2191 (2019). McCline's arguments are issues reserved for collateral attack under 28 U.S.C. § 2255 – they may not be pursued through a motion for compassionate release.

Even if this Court were to construe his motion as one brought under § 2255, the motion would be denied as an unauthorized successive petition. *See United States v. Suggs,* 705 F.3d 279, 282 (7th Cir. 2013) ("Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal…. If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to … authorize the district court to hear it."). McCline made these same arguments in his direct appeal. *See United States v. McCline,* 799 F. App'x 417 (7th Cir. 2020), *reh'g denied* (Apr. 28, 2020). He also made similar arguments in a petition under § 2255 which received a full round of collateral review. *See McCline v. United States*, Case No. 20-cv-566-SMY. The present motion, although styled as a motion for compassionate release, is another attempt at relief under § 2255 and requires prior approval from the Seventh Circuit.

For the foregoing reasons, McCline's motion for compassionate release (Doc. 113) and motion for appointment of counsel (Doc. 114) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 4, 2024**

**STACI M. YANDLE**
**United States District Judge**